# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| AMIRAH THOMPSON, | |
| Plaintiff, | Civil Action No. 25-14283 (JXN) (MAH) |
| v. | **OPINION** |
| DATAX LTD, | |
| Defendant. | |

**NEALS**, District Judge

Before the Court is Defendant DataX, Ltd.'s ("Defendant") motion to dismiss Plaintiff Amirah Thompson's ("Plaintiff") Complaint (ECF No. 1) pursuant to Federal Rule of Civil Procedure[1] 12(b)(6). (ECF No. 10.) Plaintiff opposed the motion. (ECF No. 12.) Defendant replied in further support (ECF No. 14) and filed a notice of supplemental authority (ECF No. 17). Additionally, before the Court is Plaintiff's motion for leave to file a sur-reply. (ECF No. 15.) The Court has carefully reviewed the Complaint and the parties' submissions and decides this matter without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion for leave to file the sur-reply is **GRANTED**, the Complaint is **DISMISSED** *without prejudice* for lack of subject matter jurisdiction, and Defendant's motion is **DISMISSED** as *moot*.

---

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

I.   **BACKGROUND**[2]

Plaintiff filed this *pro se* action against Defendant alleging violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"). (Compl., ¶ 1, ECF No. 1.) Plaintiff is a consumer as defined by § 1681a(c) and Defendant is a consumer reporting agency ("CRA") as defined by § 1681a(f). (*Id.* ¶¶ 6, 7.)

Plaintiff alleges that on or about July 2, 2025, she submitted a written request to Defendant via certified U.S. mail for a complete disclosure of her consumer file under 15 U.S.C. § 1681g(a). (*Id.* ¶ 8.) According to the Complaint, Plaintiff's request included her full legal name, date of birth, full Social Security number, current residential address, and an enlarged color copy of her valid driver's license. (*Id.* ¶¶ 8, 9; *id.*, Ex. 1, ECF No. 1-1.) Plaintiff contends that this information was "more than sufficient" to verify her identity, yet Defendant refused to provide the requested disclosure. (*Id.* ¶¶ 9, 10, 13, 14.)

Specifically, Plaintiff alleges that Defendant acknowledged receipt of her request in a July 10, 2025, letter but advised that she "did not include a clear copy of [her] full Social Security Card with [her] requests." (*Id.* ¶ 10; *id.*, Ex. 2, ECF No. 1-2.) Defendant's letter also explained that such documentation "is required to verify the identity of a consumer prior to completing a consumer's request" and requested that Plaintiff submit a "full and readable copy of a Social Security Card, W2 Form, or 1099 Form." (*Id.*, Ex. 2.) Plaintiff claims that Defendant "failed to provide [a credit] disclosure to Plaintiff," upon request, and instead asked Plaintiff to provide a copy of her Social Security card, which "request was redundant and served no legitimate verification purpose." (Id. ¶¶ 2, 12.)

---

[2] When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Plaintiff claims that her submission satisfied, and indeed exceeded, the requirements for "proper identification" under the FCRA and its implementing regulations and guidance. (*Id*. ¶ 16.) Although Plaintiff acknowledges that 15 U.S.C. § 1681h(a)(1) permits a consumer reporting agency to require "proper identification" before disclosing a consumer file, she contends that Defendant's insistence on additional documentation, despite the identifying information already provided, was unreasonable and improperly impeded her ability to exercise her rights under the FCRA. (*Id*. ¶ 14.)

Plaintiff further alleges that Defendant acted both negligently and willfully by failing to exercise reasonable care to comply with the FCRA's disclosure requirements, recklessly disregarding its statutory obligations, and creating unnecessary barriers to access to her files. (*Id*. ¶¶ 26, 28.) Finally, Plaintiff claims that, as a direct and proximate result of Defendant's conduct, she was denied access to her consumer file, preventing her from identifying and disputing inaccuracies; "[p]otential ongoing harm from unaddressed errors in her file affecting her credit, lending, or other decisions;" experienced emotional distress, frustration, and anxiety; and incurred time and expense in attempting to obtain the requested disclosure. (*Id*. ¶ 21.)

Plaintiff filed this action on August 7, 2025. (*See id*.) The Complaint alleges a single cause of action, for negligent or willful failure to provide the information in her consumer file in violation of 15 U.S.C. § 1681g(a) of the FCRA. (*Id*. ¶¶ 23 – 29.)  As relief, Plaintiff seeks statutory and punitive damages. (*Id*. at 7.)

On September 16, 2025, Defendant filed the instant motion to dismiss. (ECF No. 10.) Plaintiff opposed the motion. (ECF No. 12.) Defendant replied in further support (ECF No. 14) and filed a notice of supplemental authority (ECF No. 17). Additionally, on November 5, 2025, Plaintiff filed a motion for leave to file a sur-reply. (ECF No. 15.) Plaintiff filed a brief in

opposition (ECF No. 12), and Defendant filed a reply in further support (ECF No. 14). Additionally, before the Court is Plaintiff's request for leave to file a sur-reply. (ECF No. 15.) This matter is now fully briefed and ripe for the Court to decide.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under this rule, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, "[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citations omitted). A court must only consider "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The pleading must contain more than "labels and conclusions." *Id.* at 545. It must set forth more than "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotations and alterations omitted).

The Court must construe a *pro se* plaintiff's pleadings liberally and hold them to a less stringent standard than those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but the Court need not "credit a pro se plaintiff's 'bald assertions' or 'legal conclusions,'" *Grohs v.*

*Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Furthermore, the Court must dismiss any claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence."). The Court's continuing obligation to assure its jurisdiction includes an assessment of whether the plaintiff has standing to raise his claims. *Seneca Res. Corp. v. Township of Highland*, 863 F.3d 245, 252 (3d Cir. 2017) ("Our 'continuing obligation' to assure that we have jurisdiction requires that we raise issues of standing ... *sua sponte*.").

## III.    **DISCUSSION**

Through the FCRA, Congress sought to "protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) (quoting S. Rep. No. 91–517, at 3 (1969)). Section 1681g requires a consumer reporting agency, "upon request," to "clearly and accurately disclose to the consumer … [a]ll information in the consumer's file." *Cortez*, 617 F.3d at 711; *Doe-1 v. LexisNexis Risk Sols., Inc.*, No. 24-4566, 2025 WL 1334461, at *10 (D.N.J. May 7, 2025). Together with Sections 1681n and 1681o, Section 1681g addresses this problem by granting

consumers a statutory right to this information and by creating a private cause of action to vindicate that right. *Muir v. Early Warning Servs., LLC*, No. 16-0521, 2017 WL 2616890, at *4 (D.N.J. June 16, 2017).

Plaintiff alleges that Defendant negligently and willfully violated 15 U.S.C. § 1681g when it responded to her written request for a full disclosure of her consumer file by "demanded[ing] a full and readable copy of a Social Security card, W2 Form, or 1099 Form to verify her identity." (Compl. ¶¶ 13–14, 28–29.) According to Defendant's "insistence upon these specific documents, despite the ample and matching identification already provided, was unreasonable and created an undue obstacle to Plaintiff's ability to exercise her rights under the FCRA. (*Id*. at ¶ 14.)

Defendant moves to dismiss under Rule 12(b)(6), arguing that its alleged conduct was entirely consistent with the FCRA, which provides that "a consumer reporting agency shall require, as a condition of making the disclosures required under 1681g of this title, that the consumer furnish proper identification," and that Plaintiff therefore fails to state a claim. (Def.'s Mot. Br. 3, ECF No. 10) (quoting 15 U.S.C. § 1681h(a)(1)) (emphasis added).) The Court, however, does not consider the merits of Plaintiff's claim because she failed to plead an injury in fact, thereby lacking Article III standing to pursue it.

### A. Subject Matter Jurisdiction

Article III of the United States Constitution limits a federal court's jurisdiction to actual cases or controversies. U.S. Const., art. III, § 2, cl. 1. The doctrine of Article III standing is "an additional limitation on the federal judicial power derived from the case-or-controversy requirement," which prohibits courts from issuing "advisory opinions." *Lutter v. JNESO*, 86 F.4th 111, 123-25 (3d Cir. 2023). Thus, standing is a threshold jurisdictional requirement, and federal courts have an independent obligation to determine whether subject matter jurisdiction exists. *George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226, 234 (3d Cir. 2024). The plaintiff, as the party

invoking federal jurisdiction, bears the burden of establishing" standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citation omitted). To establish Article III standing, Plaintiff must demonstrate "(i) that [s]he**eceive information to whic** suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

### i. Informational Injury

In assessing whether Plaintiff has standing to assert a claim under Section 1692g(a), the Court notes that she appears to assert an "informational injury" in connection with this claim. Specifically, Plaintiff claims that she suffered "concrete harm" as a result of Defendant's conduct, including the statutory denial to her consumer file, preventing her from identifying and disputing inaccuracies; "[p]otential ongoing harm from unaddressed errors in her file affecting her credit, lending, or other decisions;" experienced emotional distress, frustration, and anxiety; and incurred time and expense in attempting to obtain the requested disclosure. (*Id.* ¶ 21.) Plaintiff also asserts that "[t]hese harms are cognizable under the FCRA, as the denial of informational rights constitutes injury-in-fact." (*Id.* ¶ 21.) An informational injury—*i.e.*, one where the plaintiff "failed to receive … information to which she is legally entitled"—can be "sufficiently concrete to confer standing." *Kelly v. RealPage Inc.*, 47 F.4th 202, 213 (3d Cir. 2022). However, a plaintiff asserting an informational injury must still show more than just a statutory violation. *See id.* at 211–14. Under *Kelly,* a plaintiff asserting an informational injury must plausibly allege "(1) the omission of information to which they claim entitlement, (2) 'adverse effects' that flow from the omission, and (3) the requisite nexus to the 'concrete interest' Congress intended to protect." *Id.* at 214; *see also Pub. Int. Legal Found. v. Sec'y Commonwealth*

*of Pennsylvania*, 136 F.4th 456, 464 (3d Cir. 2025) ("[A] plaintiff seeking to assert an informational injury must establish *a nexus* among the omitted information to which she has entitlement, the purported harm *actually caused* by the specific violation, and the '*concrete interest*' that Congress identified as 'deserving of protection' when it created the disclosure requirement.") (quoting *Kelly*, 47 F.4th at 213).

Here, the Complaint alleges that Defendant refused to release Plaintiff's consumer file until she provided additional documentation. (Compl. ¶¶ 13–14.) Thus, assuming, arguendo, that Defendant breached § 1681g(a) by making the disclosure of Plaintiff's consumer file contingent on her submitting additional identity-verification documents, Plaintiff meets the first element of the *Kelly* framework because she has sufficiently alleged the omission of information to which she claims entitlement.

Plaintiff's allegations, however, fail at the second step because the Complaint "does not allege specific adverse effects flowing from the omission." *George*, 114 F.4th at 236; *see also Kelly*, 47 F.4th at 214. In, *Kelly*, the plaintiffs alleged not only that the consumer reporting agency failed to disclose information required by § 1681g(a)(2), but also that their consumer reports contained specific inaccuracies, Kelly's report incorrectly listed two DUI convictions and a misdemeanor conviction, while Bey's report incorrectly reflected a civil action and eviction filing—and that the failure to disclose the sources of that information impaired their ability to identify and correct those errors. *See* 47 F.4th at 214. Those inaccuracies ultimately resulted in the denial of their apartment applications and other concrete harms. *Id.* Here, Plaintiff alleges no comparable inaccuracies, impairment, or resulting adverse action. For example, Plaintiff does not allege that her consumer file contained inaccurate information, that she had reason to believe it contained inaccuracies, that inaccurate information was disseminated to third parties, or that she

suffered any adverse credit, lending, employment, housing, or other consequences because she was unable to obtain her file. (*See generally* Compl.) Instead, Plaintiff alleges that she was prevented from determining whether inaccuracies existed and therefore faced the *possibility* of future harm from unidentified errors. (*Id*. ¶ 21.) Such allegations amount to speculation about future injury, which *TransUnion* held is insufficient, standing alone, to establish Article III standing. *See* 594 U.S. at 441. Nor do Plaintiff's remaining allegations cure this deficiency. Specifically, Plaintiff's assertions of frustration, anxiety, emotional distress, and unspecified time and expense incurred while attempting to obtain her consumer disclosure are entirely conclusory and unsupported by factual allegations demonstrating a concrete injury. (Compl. ¶ 21.) As the Supreme Court explained in *TransUnion*, a plaintiff must identify "'downstream consequences' from failing to receive the required information." 594 U.S. at 442 (quoting *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1004 (11th Cir. 2020)). Plaintiff has not done so. Therefore, absent allegations that Defendant's conduct caused either the type of informational injury recognized in *Kelly* or some other concrete downstream harm recognized in *TransUnion*, Plaintiff has failed to plead an injury in fact. *See Kelly*, 47 F.4th at 213–14 (citing *Tailford v. Experian Info. Sols., Inc*., 26 F.4th 1092, 1100 (9th Cir. 2022)); *TransUnion*, 594 U.S. at 442.

Finally, although the FCRA authorizes statutory and punitive damages for willful violations, Congress's creation of a private cause of action does not dispense with Article III's requirement that a plaintiff suffer a concrete injury. *See TransUnion*, 594 U.S. at 426, 442. A statutory violation or informational deprivation that causes no adverse effects is insufficient to confer standing.

Accordingly, because Plaintiff has failed to allege that Defendant's purported violation of § 1681g(a) resulted in a concrete informational injury or any other concrete harm, she lacks Article III standing to pursue her claim.

## IV.   CONCLUSION

For the foregoing reasons, and other good cause shown, Plaintiff's motion for leave to file the sur-reply (ECF No. 15) is **GRANTED**; Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without prejudice*[3] for lack of subject matter jurisdiction; and Defendant's motion to dismiss (ECF No. 10) is **DISMISSED** as *moot*. Plaintiff may file an amended complaint consistent with the Court's Opinion within thirty (30) days. If no amended complaint is filed within that time, the dismissal will become a dismissal with prejudice. An appropriate Order accompanies this Opinion.

**DATED: 6/22/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**

---

[3] *See Schaller v. United States Soc. Sec. Admin.,* 844 F. App'x 566, 573 (3d Cir. 2021) ("Dismissal for lack of standing reflects a lack of jurisdiction, so dismissal ... should [be] without prejudice.") (citation omitted) (alterations in original).